UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD W. LAND,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____

Case No. 1:08-cv-885

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

        This is a social security action brought *pro se* under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to supplemental security income (SSI) benefits. On April 18, 2005, plaintiff filed his application for SSI benefits, alleging an October 15, 2003 onset of disability. He later amended his claim to allege an April 18, 2005 onset of disability.[1] (A.R. 61). Plaintiff's claim was denied on initial review. (A.R. 23, 57-60). On November 13, 2007, plaintiff received a hearing before an administrative law judge (ALJ) at which he was represented by counsel. (A.R. 302-47). On January 25, 2008, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 11-22). On July 17, 2008, the Appeals Council denied review (A.R. 3-5), and the ALJ's decision became the Commissioner's final decision.

_____

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999); *Torres v. Chater*, 125 F.3d 166, 171 n.1 (3d Cir. 1997); *Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, May 2005 is plaintiff's earliest possible entitlement to SSI benefits.

On September 19, 2008, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for SSI benefits. On February 2, 2009, plaintiff filed his one-paragraph brief, which is quoted verbatim below:

> This letter is in regards to my case against the Commissioner of Social Security. I feel my lawyer had proven that there was nothing in the work force that I could do with my medication that I am taking. My doctor has told me that I wouldn't be able to work and even gave me a handicap parking tag because of me not being able to walk over 200 feet without having to stop and catch my breath. I am also having. My combination of medication makes me drowsy throughout the day. My current doctor has told me that I have the lungs of an 84 year old and is sending me to see a lung specialist. In 2006 I had the lungs of a 65 year old. I'm hoping to have the results of the lung specialist to send in with my next reply.[2]

(Plf. Brief, docket # 11). Plaintiff's reply brief (docket # 17) consists of copies of four pages of the administrative hearing transcript (A.R. 344-47) and this letter:

---

[2] On June 24 and July 21, 2009, the court entered an order rejecting pleadings. (docket #'s 18, 19). The papers plaintiff attempted to file are not part of the administrative record. Where, as here, the Appeals Council denies review, this court is limited to reviewing the record presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d 469, 478 (6th Cir. 2003); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996). The court can only consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). The documents plaintiff proffered do not provide grounds for a sentence six remand. Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence plaintiff now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon ex rel. Hollon v. Commisioner*, 447 F.3d 477, 486 (6th Cir. 2006). In order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). The ALJ found that plaintiff was not disabled from April 18, 2005 through January 25, 2008. The proffered documents are immaterial. They do not purport to address plaintiff's medical condition during the relevant time period.

> This is in regards to the above case. As I stated in my last statement, my lawyer for my appeals hearing [p]roved that there was not any work that I would be able to do with my medication that I am taking and my [m]edical history. As it was stated in the defendant[']s reply about the hypothetical question to the vocational [e]xpert, he only showed one side of the questioning of the vocational expert. I am including the court [sic] record [o]f November 12, 2007, in which it shows [ALJ] Patrick Toal's and Mr. Thomas Stellard[']s questioning of the [v]ocational expert. Mr. Stellard used the same hypothetical situation but also included more details about [m]y everyday experiences with my anxiety.

(Plf. Reply Brief, docket # 17). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. The Commissioner correctly applied the law, and the administrative decision finding that plaintiff was not disabled is supported by more than substantial evidence. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the

Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity since April 18, 2005, his alleged onset of disability. (A.R. 13). The ALJ found that plaintiff had the following severe impairments: "hypertension, obesity, anxiety, asthma/chronic obstructive pulmonary disease, edema, pancreatitis and history of alcohol abuse." (A.R. 13). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 15). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except [he] is unable to lift/carry more than ten pounds frequently [and] twenty pound[s] occasionally; stand/walk more than two hours in an eight-hour workday; or sit more than six hours in an eight-hour workday. The claimant is unable to maintain the attention and concentration necessary to perform detailed or complex tasks, and needs to avoid concentrated exposure to fumes, dusts, odors, gasses and hazards.

(A.R. 16). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible:

> At the hearing the claimant testified that he stopped working in April 2005 and could not work because of anxiety attacks and leg swelling. He testified that his asthma was controlled but he continued to smoke, and he continued to use alcohol occasionally. The claimant testified that he did not drive because of his medications and their side effects, used a non-prescribed cane because of dizziness, needed to elevate his legs six days a week, suffered an anxiety attack four days a week, and he did not like being left alone. The claimant further testified that he did not have much energy, and was limited to walking less than one block because of his breathing and leg pain. The claimant also testified that he lived with his mother and needed to remind her to take her medications, and had his pancreatitis under control [A.R. 305-42].
>
> There is no evidence in the record that the claimant ever complained to his physicians about medication side effects, dizziness, or lack of energy. There is also no evidence in the record indicating a need for the claimant to elevate his legs.
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> The claimant has never received any mental health treatment. He is prescribed medication for anxiety by his primary care physician and the records indicate that the medication controls the anxiety. The claimant's asthma and blood pressure are controlled with medication and do not result in any complications or end organ damage.
>
> The claimant testified to leg swelling but there is no evidence in the record of leg swelling/edema except for back in June 2005 when the claimant was observed to have some lower extremity edema and was advised to get supportive stockings. By July 2005 the claimant's peripheral edema was well controlled despite the fact that he was not wearing his supportive stockings.

> The claimant continues to smoke despite having asthma, and the records indicate only two exacerbations requiring physician intervention between the alleged onset date and the date of this decision.

(A.R. 20-21). The ALJ found that plaintiff was not capable of performing his past relevant work. (A.R. 21). Plaintiff was 37 years old as of his alleged onset of disability and 39 years old as of the date of the ALJ's decision. Thus, at all times relevant to his claim for SSI benefits, plaintiff was classified as a younger individual. (A.R. 21). Plaintiff has a marginal education and is able to communicate in English. (A.R. 21). The transferability of jobs skills was not an issue because plaintiff's past relevant work was unskilled. (A.R. 21). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 11,500 jobs in Michigan's lower peninsula that the hypothetical person would be capable of performing. (A.R. 345-46). The ALJ held that this constituted a significant number of jobs. Using Rule 202.17 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 11-22).

**1.**

Plaintiff disagrees with the ALJ's finding that his subjective complaints were not fully credible. It is the ALJ's function to determine credibility issues, *see Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see McGlothlin v. Commissioner*, 299 F. App'x 516, 523-24 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social

Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

Upon review, I find that the ALJ's credibility determination regarding plaintiff's subjective complaints is supported by more than substantial evidence. The ALJ's reasoning in support of this conclusion (reproduced at pages 5 and 6) demonstrates good reasons to discount plaintiff's subjective complaints on the basis of his medical history and course of treatment. This easily satisfies the substantial evidence standard.

**2.**

Plaintiff argues that the ALJ committed reversible error because he did not consider all the VE's testimony. He believes that the ALJ should have found him disabled based on the VE's responses to his attorney's questions. (A.R. 344-47, copies attached to Plaintiff's Reply Brief). The ALJ was not bound by the VE's responses to hypothetical questions posed by plaintiff's counsel, which assumed that all plaintiff's subjective complaints were fully credible. It is well settled that an ALJ's hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Anthony v. Astrue*, 266 F. App'x 451, 461 (6th Cir. 2008). The ALJ found that plaintiff's subjective complaints were not fully credible. He was not bound in any way by a VE's response to a hypothetical question incorporating a contrary assumption. I find no error.

**3.**

Plaintiff argues that he should have been found disabled because Alexander Runowski, M.D., indicated on May 18, 2006, that plaintiff could not work (A.R. 204) and signed plaintiff's application for a handicapped parking placard (A.R. 205). The ALJ's opinion explained that Dr. Runowski's opinions were not entitled to significant weight because they were contrary to his own office notes and other significant record evidence.

> Dr. Alexander Runowski, the claimant's primary care physician, advised the claimant in May of 2005 that it was highly unlikely that he would qualify for disability simply because of his high blood pressure and asthma (Exhibit 7F) [A.R. 176].
> * * *
> On June 3, 2005 the claimant stated to Dr. Runowski that he was applying for disability and Dr. Runowski advised him that he doubted he could substantiate his need for disability based on his asthma and cephalgia. An examination revealed slightly elevated blood pressure and

some lower extremity edema. Dr. Runowski advised the claimant to get supportive stockings for his peripheral edema (Exhibit 7F) [A.R. 175].

* * *

Records dated June 9, 2005 indicate that claimant continued to smoke despite medical advice (Exhibit 7F) [A.R. 171].

* * *

In October of 2005 the claimant stated that the day before his hospitalization he drank four 40-ounce beers. In February of 2006, he stated that his last episode of binge drinking was four years ago (Exhibit 12F)[A.R. 246, 267].

Dr. Runowski reported on May 5, 2006 that the claimant had chest pain secondary to anxiety, pancreatitis and asthma. An examination revealed clear lungs and mild abdom[inal] discomfort (Exhibit 13F) [A.R. 290]. On May 18, 2006, Dr. Runowski reported that the claimant needed to lose weight and had chest pain related to anxiety. Dr. Runowski reported that Xanax had a good effect on the claimant's anxiety (Exhibit 13F)[A.R. 289].

In a form dated May 18, 2006, Dr. Runowski listed the claimant's diagnosis as chest pain and anxiety, and reported that the claimant needed transportation assistance due to his chest pain, needed his significant other present at all medical appointments, was unable to drive, could not work at all, was unable to walk for more than 200 feet because of claudication, and had a medical need for assistance with bathing, meal preparation, shopping, laundry and housework (Exhibit 11F)[A.R. 204-05]. The undersigned does not give great weight to the assessment of Dr. Runowski since it is inconsistent with the doctor's own office notes and with the claimant's actual activities of daily living. The records show that the claimant's chest pain was related to anxiety and not to any cardiac impairment, there is no evidence of claudification [sic] of any kind, and the claimant's anxiety is controlled with medication.

* * *

In October 2006 the claimant denied having any problems or difficulties other than some low back pain. He stated that he was disabled, admitted to smoking one pack of cigarettes a day, and denied using alcohol and/or drugs. An examination revealed elevated blood pressure, clear lungs, regular heart rate and rhythm, intact neurological functions, and no edema (Exhibit 12F)[A.R. 210-11].

Dr. Runowski reported on January 26, 2007, that it was a little problematic trying to ascertain all of the claimant's medications even though the list was updated a month ago. Dr. Runowski reported in February 2007 that the claimant missed several appointments and was transferring to a new office. The claimant weighed 281 pounds and his blood pressure was within normal limits (Exhibit 13F)[A.R. 273].

The claimant was hospitalized overnight in April of 2007 with leg swelling that started five days earlier. Records indicate that the claimant had recent alcohol in his system and was moving items from a shed a few days ago. All blood tests were within normal limits and a

venous Doppler [test] show[ed] no evidence of deep vein thrombosis. The claimant was diagnosed with water retention and prescribed medication (Exhibit 12F)[A.R. 206].

On August 9, 2007 the claimant stated that it was not his fault he missed several appointments with Dr. Runowski and wanted to be reinstated in his practice[3] because no one else took his insurance [locally] (Exhibit 13F)[A.R. 272].

(A.R. 18-19).

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 416.927(e)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). Dr. Runowski's May 18, 2006 opinions that plaintiff was disabled and his decision to approve plaintiff for a handicapped parking placard were not entitled to any special significance. *See* 20 C.F.R § 416.927(e)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *see also Halsell v. Astrue*, No. 09-2129, 2009 WL 4913322, at *5 (7th Cir. Dec. 18, 2009). "Generally, the opinions of treating physicians are given substantial, if not controlling deference." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir. 2008) ("This court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective

---

[3]Dr. Runowski terminated plaintiff as a patient in February 2007 and denied plaintiff's request for reinstatement. (A.R. 272-73).

criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). The credibility of the plaintiff's subjective complaints is an issue reserved to the Commissioner, and a treating physician's opinion regarding the credibility of his patient's subjective complaints is not entitled to any particular weight. *See Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009). An opinion that is based on the claimant's reporting of his symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Mitchell v. Commissioner*, 330 F. App'x 563, 570 (6th Cir. 2009); *Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007).

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 416.927(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Allen v. Commissioner*, 561 F.3d 646, 651 (6th Cir. 2009); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The procedural requirement exists, in part, for claimants to understand why the administrative

bureaucracy deem them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Rabbers v. Commissioner*, 582 F.3d 647, 657 (6th Cir. 2009).

I find no violation of the treating physician rule. The ALJ's opinion is supported by more than substantial evidence, and the ALJ complied with the procedural requirement of providing "good reasons" for the weight he gave to Dr. Runowski's opinions. The doctor's naked opinion of disability was not supported by clinical tests and findings and was, in fact, contrary to his own observations and findings. The ALJ gave appropriate weight to the doctor's opinion and explained at length his reasons for discounting the opinion.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: January 20, 2010            /s/ Joseph G. Scoville
                                   United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).