UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD W. LAND,

       Plaintiff,

          v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant,

_____/

Case No. 1:08-cv-885

HONORABLE PAUL L. MALONEY

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIvR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who issued a Report and Recommendation ("R&R") on Wednesday, January 20, 2010.

"Both the Federal Rules of Civil Procedure and the Federal Magistrates Act were amended effective December 1, 2009 to simplify the calculation of time periods." *Esch v. SSA*, No. 1:2009-cv-144, 2010 WL ____, *__ (W.D. Mich. Jan. 26, 2010) (Maloney, C.J.) (citing PUB. L. NO. 111-16 § 6(1), 123 Stat. 1608). A party now has fourteen days to file objections after being served with an R&R, instead of ten. *See Esch*, 2010 WL____ at *__ (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIvR 72.3(b)). The fourteen days start the day after a party is served, *see* FED. R. CIV. P. 6(a)(1)(A) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation) and *Southall v. City of Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (citing FED. R. CIV. P. 6(a)), and the court counts all calendar days, including weekends and federal holidays, *see* FED. R. CIV. P. 6(a)(1)(B).

As plaintiff is proceeding *in pro se*, the R&R was mailed to him on the same date that it was issued by the Magistrate Judge, January 20, 2010. Counsel for defendant was served with the R&R when the R&R was electronically filed. Thus, the fourteen-day objection period began on Thursday, January 21, 2010. Consequently, objections were to be filed by midnight on Wednesday, February 3, 2010. That deadline has passed, and the court need not wait further for an objection.

Although the failure to file objections is a sufficient reason to adopt the Report and Recommendation, this Court has reviewed the merits of the report and finds the Magistrate Judge's reasoning and conclusions sound.

Accordingly, **IT IS HEREBY ORDERED:**

1. The R&R [document # 20] is **ADOPTED**.

2. The Commissioner's denial of disability benefits is **AFFIRMED**.

3. The complaint is **DISMISSED**. This case is **TERMINATED** and **CLOSED**.

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the [R&R]. * * * Frontier's silence constitutes a waiver of the right to appeal . . . ."); *Catanzaro v. MDOC* , 2010 WL 233862, *9 (W.D. Mich. Jan. 14, 2010) (Quist, J.); *Vick v. Metrish*, 2010 WL 310467, *2 (W.D. Mich. Jan. 21, 2010) (Bell, J.).

Date: February 18, 2010                    /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           Chief United States District Judge

2